# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHADD WESLEY VANHOOSE                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:09CV-P562-S

SGT. VALENTINE *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff Chadd Wesley Vanhoose is a convicted inmate currently incarcerated in the Kentucky State Reformatory ("KSR"). He filed the instant *pro se* complaint against the Kentucky Department of Corrections ("KDOC") and the following KSR officers in their individual and official capacities: Sgt. Valentine, Sgt. Wall, Officer Faulkner, and Officer Sariani. Plaintiff claims that Defendants are abusing their powers as officers by playing games with his life and money and attempting to cheat him out of money. He claims that Defendants Wall and Valentine are harassing him by issuing write ups for "their own personal vandetta/purposes and punishments and ENTERTAINMENT" and because Defendant Wall is sexist. He claims that Defendant Sariani supports his fellow officers. Plaintiff further alleges that Defendant Faulkner has been "playing games with my state pay." Finally, he claims that the KDOC is being sued because it supports, approves, and allows these problems and allows "devious/scandalous personell to work in the D.O.C."

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief reversing all write-ups against him.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488

(quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

### A. All claims against KDOC and official-capacity claims for damages against all other Defendants

A state, its agencies,[1] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials and all claims (damages and equitable relief) against the KDOC, a state entity, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Accordingly, all claims against the KDOC and all official-capacity claims for damages against all other Defendants must be dismissed.

### B. Individual-capacity claims

#### 1. write-ups

Plaintiff alleges that Defendants have issued false disciplinary writeups. This, in and of itself, is not a constitutional violation. Plaintiff does not allege any particular constitutional violation. Any due process challenge under the Fourteenth Amendment fails. Plaintiff has not alleged any punishment as a result of these write ups, and in fact, on one occasion in the complaint, he states "*if* I am sent to the seg/hole on this . . ." (emphasis added). This statement

---

[1]The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

suggests that Plaintiff has only been issued writeups and not, at least yet, found guilty of any disciplinary charge. Accordingly, Plaintiff has not alleged any liberty interest of which he has been deprived.

Even if Plaintiff has been sentenced to segregation, Plaintiff asserts no facts which illustrate how his particular confinement itself is a liberty interest imposing "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Absent such showing, Plaintiff is not entitled to due process protection. Moreover, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, if he has lost or loses any good-time credits as a result of the allegedly false writeups, then relief under § 1983 is barred as a reversal of the writeups would result in Plaintiff's "speedier release" from imprisonment. Instead, he must file a habeas action following exhaustion of available state court remedies.

Additionally, Plaintiff has failed to state a cognizable Eighth Amendment claim. He has failed to demonstrate that the alleged misconduct constituted an "unnecessary and wanton infliction of pain" *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)), or that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

### b. state pay

Plaintiff broadly alleges that all Defendants are cheating him out of his money by unlawful means and further alleges that Defendant Faulkner has been "playing games" with

Plaintiff's state pay. It appears that Plaintiff may be asserting a procedural due process claim under the Fourteenth Amendment and/or a taking under the Fifth Amendment.

To prevail on a procedural due process claim, a plaintiff must 1) demonstrate that he is deprived of property as a result of established state procedure that itself violates due process rights; or 2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). An inmate has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Kentucky's statutory remedy for such losses has been deemed adequate. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

Here, Plaintiff failed to demonstrate any constitutional violation. He does not allege that the deprivation occurred as a result of an established policy. To the contrary, he claims that his money was taken by unlawful means and by Defendants' playing of games. He additionally fails to show that he does not possess an adequate post-deprivation remedy to redress this wrong.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005